HARDY, Judge.
This is a suit on a chattel mortgage note dated January 8, 1952, executed by defendant, payable December 1, 1952, in the principal sum of $1,328.27, and secured by a chattel mortgage on a Ford tractor and other farm implements described therein. The seven plaintiffs, alleging themselves to be the sole heirs of James Marion and Minnie Dozier Bunn, deceased, prayed for judgment on the note in the principal sum set forth, with interest and attorney’s fees; further prayed for recognition and enforcement of their lien and chattel mortgage on the property described, and for a deficiency judgment in the event sale thereof did not realize the full amount of the debt. Defendant answered, alleging the surrender of the mortgaged tractor in consideration of the release of his indebtedness, and particularly pleading estoppel against plaintiffs; further praying for reservation of his rights to sue for damages resulting from plaintiff’s action. After trial there was judgment in favor of defendant rejecting plaintiffs’ demands and reserving his rights as prayed, from which judgment plaintiffs have appealed.
*244 There is no doubt about the execution of the note 'and mortgage upon which this suit was predicated, hut an instrument introduced and received in evidence on trial, which constitutes the substance of the defense, reads as follows:
“Eros Louisiana
“Feb 26 1954
“This is to certify that Frank Mims has released one Ford tractor and all equipment less one battery. In charge of L. M. Bunn and also that I, Mrs. Ray Thornton was a witness to this.
“(S) Mrs. Ray Thornton
“(S) L. M. Bunn
“This is to release the indebtedness against the tractor that Frank owed for.
“(S) Cynthia Bunn Thornton
“(S) L. M. Bunn
“Witness:
“(S) Mrs. Leila G. Harper.”
L. M. Bunn and Cynthia Bunn Thornton are two of the seven plaintiffs who brought this suit, which was filed March 1, 1955, slightly more than one year after the execution of the above quoted agreement. On trial the following admission was entered in the record by counsel for plaintiffs:
“I would like to file on behalf of the parties Cynthia Ray or Cynthia Thornton and L. M. Bunn an admission that the signatures on the original instruments are their true and genuine signatures.”
It is apparent that this admission refers to the receipt and release above set forth.
Before this court counsel for plaintiffs contend that Bunn and Mrs. Thornton had no authority from their co-heirs to make collections nor to execute settlements of debts due the succession, being co-owners of such properties of which the heirs had been sent into possession by judgment in the successions of their deceased parents; that, consequently, a release granted by some of the heirs could not bind the others, and, finally, that the other plaintiffs, being unaware of the action of their co-heirs, were neither bound nor estopped by such action.
There would be better ground for the urging of these contentions were it not for the fact that the testimony of the only two of the parties who appeared on trial, Mrs. Nora Bunn Smith and Mrs. Amy Bunn Greer, clearly establishes the fact that they subsequently acquired knowledge of the transaction between their two co-heirs and the defendant, and that they knew the tractor was in the possession of one or both of their said co-heirs. We think it unimportant whether the action was taken with the foreknowledge and consent of the coheirs of the two parties responsible, or whether knowledge of such action subsequently acquired became the basis for an implied ratification by acceptance and inaction. The effect is the same. We think it worthy of comment that the two parties who executed the agreement with this defendant did not appear on trial of the case, although counsel for plaintiffs informed the court that their presence had been requested. Nor were any other of the parties plaintiffs called as witnesses.
Counsel for plaintiffs concede the recognized principle that where one of two parties must suffer, the innocent party is entitled to protection, but urged that the defendant has not appeared with clean hands because of his admission
“that he was informed by the other heirs that he was not released from the debt, which information was given to him shortly after the instrument was signed and had made no attempt to protect himself.”
We do not believe the quoted argument is valid, nor is it sustained by the facts, which do not justify the conclusion that defendant received any such information shortly after the transaction, nor that the information was understandably conveyed and expressed. Counsel does not elaborate upon just what procedure defendant could have taken for his own protection under these circumstances.
*245 Iiiiplicit in the record is the fact that the plaintiff - heirs more or less engaged in settlement of the succession properties and that friction developed among themselves as the result thereof. The record fails to disclose just how the disagreements and difficulties were resolved and what specific method and procedure for settlement of obligations due the estate was finally adopted. These matters, however, are not material to a determination of the issue here presented.
We think the facts abundantly suffice to support defendant’s plea of estoppel, as well as the defense of settlement and release.
Counsel for plaintiffs complains particularly of that part of the judgment reserving defendant’s rights to proceed for damages as against all the parties plaintiff, contending that, at best, defendant’s only rights in tliis respect would lie against L. M. Bunn and Cynthia Bunn Thornton, who were directly concerned with the transaction with plaintiff. In the condition, of the record, due to the paucity of evidence on this point, we cannot say that the district judge erred in this respect. It is clearly ..shown, by what little testimony is available from the record, that some, if not all other, of the heirs had knowledge of the acts of Bunn and Mrs. Thornton before the institution of this suit. Whether deféndant has suffered any real damage, and, if so, against whom he is entitled to proceed, are matters with which this case is not concerned.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.